David Harrington, Pro Se
MB06305
SCI - Phoenix
PO BOX 244
Collegeville PA 19426

United States District Court.
Eastern District of Pennsylvania
No. _____

David Harrington, Pro Se

Petitioner

V.

Jamie Sorber, Warden
SCI - Phoenix, Pennsylvania
Department of Corrections

Respondent

APR 24 2020

Petition for Writ
of Habeas Corpus And
For Rhines STAY -
An - Abeyance To
Unexhausted State
Level Post Conviction
Relief Grounds.

Marcia M. Waldron, Clerk
United States District Court
Eastern District of Pennsylvania
US Courthouse, Room 2144 30
601 Market Street
Philadelphia, PA. 19106.

Enclosed Please Find the undersigned's
Filing For Writ of Habeas Corpus 28 USC 2254
And For Leave To Request Rhines Stay-An-
Abeyance To Unexhausted State Grounds
in Post Conviction Relief. Please File
As Received Returning Evidence thereof
To Sender within (10) Business Days.
Thank you. See Appendix Exhibits I - II Infra.

s/ David Harrington    4/21/20
David Harrington, Pro Se
Petitioner

MAIL TO: UNITED STATES DISTRICT CURT
U S CURT HUSE ROOM 21400
601 MARKET STREET
PHILADELPHIA, PA. 19106

**[i] Petition for Relief From a Conviction or Sentence By a Person in State Custody 2**

UNITED STATES V. EX REI Harrington V. Sorber

**Petition for Relief From a Conviction or Sentence By a Person in State Custody**

Petitioner Seeking Leave From The Court
To File Petition For Writ Of Habeas Corpus
Incidental To Request For Rehires
Stay-An-Abeyance To Unexhalsted
State Claims For Post Conviction, Relief

## Petition for Relief From a Conviction or Sentence By a Person in State Custody
### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)
### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a <u>federal</u> judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. <u>You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed <i>in forma pauperis</i> (as a poor person)</u>. To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $_____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:
Clerk, United States District Court for <u>EASTERN DISTRICT</u>
Address <u>OF Pennsylvania</u>
City, State Zip Code

9. **CAUTION:** **You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred**

410cr                     1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**from presenting additional grounds at a later date.**

10.   **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

United States District      District
          Court

Name (under which you were          Docket or
convicted):                         Case No.:

Place of Confinement:            Prisoner No.:

 Petitioner (include the        Respondent (authorized
name under which you were        person having custody
    convicted)                      of petitioner)

                    v.

The Attorney General of the State of

**PETITION** 1.   (a) Name and location of court that entered the judgment of conviction you are challenging: 1ˢᵗ Judicial District Court of Common Pleas 1301 Filbear St. Philadelphia Pa. 19107

(b) Criminal docket or case number (if you know): CP51CR0007927\7925 - 2014

2.   (a) Date of the judgment of conviction (if you know): June 12, 2015

(b) Date of sentencing: June 12, 2015

3.   Length of sentence: 26 — 52 years

4.   In this case, were you convicted on more than one count or of more than one crime? (Yes)   No

5.   Identify all crimes of which you were convicted and sentenced in this case:

CRIM - Attempted Murder (2cts) 18 Sec. 901 par A
Aggravated Assault (2cts) 18 Sec. 2702 par A.    All other
Poss Inst - Crime (2 cts) 18 Sec. 901 par A.     charges
Unlawful Restraint 18 Sec. 2902 par A'           were
Uniform Firearms Act 18 Sec. 6106 par A1, 6108   Nolle Prossed
Terroristic Threats 6. (a) What was your plea? (Check one)
18 Sec. 2706 par A1          See Appendix Exhibits 7 - 11

 (1) Not guilty       (3  Nolo contendere
 )                    )   (no contest)

 (2  Guilty           (4  Insanity plea
 )                    )

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
Open Plea To all Charges except For "Charges Nolle Prossep."

See Appendix Exhibit 9

410cr                                   2

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

3 of 33 pages

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)
   Jury   Judge only   *N/A*

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes No   *Yes (testified at sentencing)*

8.   Did you appeal from the judgment of conviction?
   (Yes)  No

9.   If you did appeal, answer the following:
   (a) Name of court: *Supreme Court of Pennsylvania.*
   (b) Docket or case number (if you know): *2211 EDA 2015*
   (c) Result: *Affirmed Judgment of sentence 5/15/2017*
   (d) Date of result (if you know): *5-15-2017*
   (e) Citation to the case (if you know): *Commw. V. Paul Harrington*
   (f) Grounds raised: *2) Claims*
   *1. Did Court Abuse its discretion by not considering*
   *Defendant's Mental Health History?*
   *2. Excessive Imposs of sentence because it was*
   *a de facto Life sentence? See Defendant's Enhanced Argument fed. at 16.*
   *infra.*
   (g) Did you seek further review by a higher state court? Yes (No)
   If yes, answer the following:
   (1) Name of court: *N/A*
   (2) Docket or case number (if you know): *N/A*
   (3) Result: *N/A*

_____

   (4) Date of result (if you know): *N/A*
   (5) Citation to the case (if you know): *N/A*
   (6) Grounds raised: *N/A*
   *N/A*
   *N/A*

_____

   (h) Did you file a petition for certiorari in the United States Supreme Court? Yes (No)
   If yes, answer the following:
   (1) Docket or case number (if you know): *N/A*
   (2) Result: *N/A*

_____

   (3) Date of result (if you know): *N/A*
   (4) Citation to the case (if you know): *N/A*

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
   (Yes) No

11.   If your answer to Question 10 was "Yes," give the following information:
   (a)   (1) Name of court: *Court of Common Pleas*
   (2) Docket or case number (if you know): *CP51CR0007927\7928 - 2014*
   (3) Date of filing (if you know): *Post Conviction Relief filed Feb. 16. 2018*

410cr                                    3

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*4 of 32 pages*

(4) Nature of the proceeding: *Petition For POST Conviction Relief*

(5) Grounds raised: _____
A. *Guilty Plea was unlawfully Induced.*
B. *Trial Counsel was ineffective For Causing Petitioner to enter an involuntary or unknowing guilty plea.*

*See Defendant's Pro Se grounds Raised Attached Id. at ___17___ INFRA.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

(Yes) No *Denied*

(7) Result: *Denied*

(8) Date of result (if you know): *March 6, 2020*

(b)    If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *Court of Common Pleas*

(2) Docket or case number (if you know): *CP51CR0007927 \7923 - 2014*

(3) Date of filing (if you know): *March 14, 2020*

(4) Nature of the proceeding: _____

(5) Grounds raised *(5) Grounds*

1. *was counsel ineffective By not proffering insanity defense and conducting pre-trial investigation concerning def's psychosis defense, diary and after crim. incident?*

2. *Was def. not competent to stand trial as it took place?*

3. *Was counsel ineffective By not securing def. commitment?*

4. *Was defendant's medication contraindicative medicing psychosis?*

5. *Did criminal incident result From passing psychotic and irresistable impulse?*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes No *Pending*    *See Appendix Exhibits 13 — 15*

(7) Result: _____

(8) Date of result (if you know): _____

(c)    If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

*Nothing as Follows*

*Nothing as Follows*

410cr                                                  4

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*5 of 32 Pages*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes No ~~*P-cace, n*~~

(7) Result: ~~*P-cace, n*~~ *N/A*

(8) Date of result (if you know): *N/A*

(d)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  Yes / No

(2) Second petition:  Yes / No

(3) Third petition:  Yes / No

*Direct Appeal Grounds exhausted through Penn. Superior Court.*

*First Post Conviction Relief Grounds pending*

*2nd or Successive PCR Grounds pending.*

(e)    If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*N/A*

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.
**CAUTION:**

<u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** *Id. at 3. PCR r.*

*Did the court abuse its discretion by not considering def. treated H. History*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*See Direct Appeal Grounds*
*Id. at 16.*
*Direct Appeal Grounds*
*that time barred for*
*Habeas Action.*

(b) If you did not exhaust your state remedies on Ground One, explain why:

*The Superior Court of Pennsylvania*
*Affirmed Judgment of*
*Sentence on May 15, 2017*
*Case No. 221 EDA 2016*

(c) **Direct Appeal of Ground One:**

410cr                                    5

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _N/A_____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _State Collateral_

Name and location of the court where the motion or petition was filed: _Pages of_

_Ed. at [11]i of 14[8]-2014_

Docket or case number (if you know): _CP-51-JJJ-F[11]14[8]-2014_

Date of the court's decision: _March 1 2005_

Result (attach a copy of the court's opinion or order, if available): _Not available_

_____

(3) Did you receive a hearing on your motion or petition?

Yes No

(4) Did you appeal from the denial of your motion or petition?

Yes No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

_Pending_         Yes No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Pending_

_____

Docket or case number (if you know): _Pending_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Pending_

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_Petitioner Filed 2nd M._
_Successive PCRA on_
_3|15|20 See Exhibits_     **GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Ed. at Page(s) 18 — 19_
_See Memorandum of Law_
_Unchart Separate Page._

410cr                                              6

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes  No

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?
Yes  No

(4) Did you appeal from the denial of your motion or petition?
Yes  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes  No

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Non As Filing

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

Petitioner Asks Court For Rhines

410cr  Stay — on — Abeyance To All Claims
For State Post Conviction Relief

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

8 of page 33

etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*See Post Conviction Relief Grounds Id. at 17-19 Infra.*

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

*Petitioner asking district court for Richmes*

*Stay-An-Abeyance*

*To all PCR Grounds at State Level*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes No

(2) If you did not raise this issue in your direct appeal, explain why: _____

*Channels are*
*inexhaustep*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?
Yes No

(4) Did you appeal from the denial of your motion or petition?
Yes No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

410cr

8

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
_____
_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Post Conviction Relief
Cases & to State Court
Action Id. at 17—19 Infra.
Petitioner asking District

(b) If you did not exhaust your state remedies on Ground Four, explain why:

Court for R Hines
Stay—an—Abeyance
To all PCR Grounds
Unexhausted

(c) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

At State Level

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes  No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

410cr                                    9

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(3) Did you receive a hearing on your motion or petition?
Yes No

(4) Did you appeal from the denial of your motion or petition?
Yes No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

410cr                                    **10**

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _Post Conviction Relief In Pennsylvania Supreme Court (PCRA Clim)_

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Johnathan Strange Esq_

(b) At arraignment and plea: _"_

(c) At trial: _"_

(d) At sentencing: _"_

(e) On appeal: _"_

(f) In any post-conviction proceeding: _Peter A. Levin, Esq,_

(g) On appeal from any ruling against you in a post-conviction proceeding: _Pending_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _N/A_

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition. *

_All State PCR canaps give timely filed not with standing the canaps are unexhausted Petitioner seeks Rilmes Stay all abxyance to PCR canaps All State Court Appeal canaps are Time barred. All State Court Direct Appeal are Time barred._

410cr

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Therefore, petitioner asks that the Court grant the following relief: _____

_P_ _Htines_ _Stay_ _-An_ _Abeyance_ _____

_To_ _all_ _State_ _Cult_ or any other relief to which petitioner may be entitled.

_Gaounds_ _For_ _Post_ _Conuction_ _Relif_

_Pro_ _Se_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, date, year).

Executed (signed) on _____ (date).

Signature of Petitioner

4/21/20

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

[*Amended effective Dec. 1, 2004.*]

Footnotes

*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

410cr                                12

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13 of 32 pages

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## [ii]  In Forma Pauperis Declaration

## In Forma Pauperis Declaration

### In Forma Pauperis Declaration

..................

*(Insert appropriate court)*

```
        United States
             v.                        DECLARATION IN SUPPORT
....................                        OF REQUEST
        (Movant)                            TO PROCEED
                                        IN FORMA PAUPERIS
```

410cr                                   **13**

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

I, ................... , declare that I am the movant in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?

Yes No

a. If the answer is "yes," state the amount of your salary or wages per month; and give the name and address of your employer.

......................

......................

b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

......................

......................

2. Have you received within the past twelve months any money from any of the following sources?

a. Business, profession or form of self-employment?

Yes No

b. Rent payments, interest or dividends?

Yes No

c. Pensions, annuities or life insurance payments?

Yes No

d. Gifts or inheritances?

Yes No

e. Any other sources?

Yes No

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

......................

......................

......................

3. Do you own any cash, or do you have money in a checking or savings account?

Yes No  (Include any funds in prison accounts)

If the answer is "yes," state the total value of the items owned.

......................

......................

......................

4. Do you own real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes No

If the answer is "yes," describe the property and state its approximate value. ......................

......................

......................

5. List the persons who are dependent upon you for support, state your relationship to these persons, and indicate how much you contribute toward their support:

......................

......................

......................

410cr                                                14

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

15 of 33 Pages

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
Executed on ....................

(*date*)

................

(*Signature of Movant*)
CERTIFICATE

I hereby certify that the movant herein has the sum of $.................. on account to his credit at the .................. institution where he is confined. I further certify that movant likewise has the following securities to his credit according to the records of said .................. institution: ......................

......................
......................
......................
......................

................

Authorized Officer of Institution

410cr

**15**

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

16 of 32 pages

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
NO. _____

APR 24 2020

UNITED STATES V. EX REL HARRINGTON V. Sober

GROUNDS RAISED BY PETITIONER ON
DIRECT APPEAL FROM JUDGEMENT OF SENTENCE
TO STATE COURT JUDGEMENT
28 USC Sec. 2254

a) Did the sentencing court err and abuse its
discretion when it imposed a sentence on
Petitioner without adequately considering his
Rehabilitative needs in the context of his
tortured mental history, in violation of
42 Pa CSA Sec. 9721(b)?

b) Did the sentencing court impose a sentence
that was contrary to the Fundamental
norms underlying the Sentence Process
because it was a de Facto Sentence of
LIFE imprisonment?

All DIRECT APPEAL GROUNDS
OF STATE COURT DECISION(S)
ARE TIME BARRED in x
✳  HABEAS CORPUS 28 USC 2254

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
NO. _____

UNITED STATES V. EX REL. HARRIET _____ U.S. Civil.

APR 24 2020

GROUNDS RAISED BY PETITIONER ON
MOTION FOR POST CONVICTION RELIEF ("PCRA")
42 PA. CSA Sec(S) 9541-9546
TO STATE COURT JUDGEMENT
28 USC SEC. 2254

ON February 16, 2018 Petitioner presented the Following Grounds for Post Conviction Relief to THE Court of Common Pleas, 1301 Filbert ST., Philadelphia, Pennsylvania, 19107

1. A violation of the Constitution of this Commonwealth or the Constitution or laws of The United States which, in the Circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of Guilt or innocence could have taken Place.

2. Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no Reliable adjudication of Guilt or innocence could have taken place.

3. A plea of Guilty unlawfully induced where the circumstances make it likely that the inducement caused the Petitioner to plead Guilty and the Petitioner is innocent.

4. The imposition of a sentence greater than the lawful maximum.

Amended Grounds Raised by Counsel

A. The Guilty Plea was unlawfully induced.

b. Trial Counsel's Assistance was ineffective For causing the Petitioner To enter an involuntary or unknowing Guilty Plea.

Text Msg. at https://www.connectnetwork.com

Warren Alston, NY2942  USAF-US Army Sep.
Vietnam Veteran Semi- Retired
### *LEGAL RISK CONSULTANT*
Reply to: Smart Communications/ PADOC
SCI-Houtzdale, Warren Alston, NY2942
PO BOX 33028
St. Petersburg, Florida 33733



APR 2 4 2020

**CASE:** <u>COMMONWEALTH V. DAVID HARRINGTON</u>
DOCKET NO. CP-51-CR-0007927-2014
CP-51-CR-0007928-2014

## STATUS:

*MARCH 6, 2020 THERE WAS A DISPOSITION ON HIS CASE RELATIVE TO POST CONVICTION RELIEF AND HE WAS DENIED RELIEF BY JUDGE ANHALT. THERE WERE MATTERS THAT WERE NOT BROUGHT TO THE ATTENTION OF THE COURT BY HIS ATTORNEY AS FAR AS GROUND(S) TO BE RAISED.*

## CURRENT ACTION:

Consult now seeks to introduce those Grounds by requesting leave from the Court to submit a Second PCR and to Stay the March 6, 2020 Decision. <u>Commonwealth v. Allen</u>, 557 Pa. 135, 141,732 A. 2d 582, 586, (20008)

<u>New Grounds</u> "Not Raised Below"

1. Was defendant's trial level counsel was-ineffective by not proffering an   Insanity defense asnd conducting pre-trial investigation concerning defendant's psychosis before, during and after criminal incident?

2. Was defendant not competent to stand trial and/or tender plea agreement due to being factually and legally insane before, during and after criminal incident?



19 of 32 Pages

3. Was counsel ineffective by not seeking defendant's commitment in a Forensic Psychiatric Hospital for evaluation, diagnosis and treatment?

4. Were defendant's medications contraindicative producing psychosis?

5. Did criminal incident result from passion provocation and/or "irresistable impulse?"

s/ _____
Warren Alston, NY2942
Paralegal Consultant
3-15-2020
1300 my.

20 of 32 pages

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
NO. _____

PETITION FOR WRIT OF HABEAS CORPUS
TO STATE COURT JUDGMENT

28 USC 2254

UNITED STATES V. EX REL. Harrington V Sober

APPENDIX DOCUMENTS

EXHIBITS

21 of 32 pages

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :    NO.: CP-51-CR-0007927-2014
                           :    CP-51-CR-0007928-2014

V.        CP-51-CR-0007927-2014 Comm. v. Harrington, David
                   Opinion

DAVID HARRINGTON             Superior Court No.:
                           2211 EDA 2015   **FILED**

7414035091

**MAR - 2 2016**

Criminal Appeals Unit
First Judicial District of PA

**OPINION**

**ANHALT, J.**

    Appellant in the above-captioned matter appeals this Court's judgment regarding the Appellant's sentence after he entered an open guilty plea to the charges of Attempted Murder, Aggravated Assault, Violations of the Uniform Firearms Act (VUFA) 6105, 6106, 6108, Possession of an Instrument of Crime (PIC), and Unlawful Restraint. The Court submits the following Opinion in accordance with the requirements of Pa. R.A.P. 1925. For the reasons set forth herein, the Court holds that the underlying judgment of sentence should be affirmed.

**PROCEDURAL AND FACTUAL HISTORY**

    On May 16, 2014, Appellant, David Harrington, was arrested and charged with Attempted Murder (two counts), Aggravated Assault (two counts), Simple Assault, Violations of the Uniform Firearms Act (VUFA) 6105, 6106, 6108, Recklessly Endangering Another Person (REAP), Possession of an Instrument of Crime (PIC) (two counts), Unlawful Restraint, and other related charges. On April 10, 2015, Appellant entered an open guilty plea to the charges of Attempted Murder (two counts), Aggravated Assault (two counts), VUFA 6105, 6106, 6108, PIC (two counts), and Unlawful Restraint. On June 12, 2015, this Court sentenced Appellant to 12 and a half to 26 years incarceration on each of the two counts of Attempted Murder, the two

EX. 1   22 of 32 pages   514

counts of Aggravated Assault merged with the Attempted Murder, and 1 to 2 years incarceration on Unlawful Restraint. These sentences were to run consecutively for an aggregate sentence of 26 to 52 years incarceration. The sentences on all the other charges were to run concurrent. Appellant filed a Motion for Reconsideration of Sentence on June 22, 2015, which was denied by the Court on July 16, 2015.

Appellant filed a timely Notice of Appeal on July 20, 2015. On July 31, 2015, this Court ordered Appellant to file a concise statement of the matters complained of on appeal pursuant to Rule 1925(b) of the Pa.R.A.P. On September 14, 2015, Appellant filed his timely 1925(b) Statement of Matters Complained of on Appeal arguing that the Court erred and abused its discretion in sentencing the Appellant.

**DISCUSSION**

Appellant argues that the sentence was manifestly excessive and unreasonable in that the Court sentenced the Appellant to consecutive sentences totaling 26 to 52 years incarceration which Appellant alleges is a de facto life sentence. Appellant argues that the Court failed to comply with the requirements of 42 Pa.C.S. 9771(c) by failing to adequately examine and investigate Appellant's background, character, and rehabilitative needs, and failed to properly take into account Appellant's acceptance of responsibility and expressions of remorse.

Under Pennsylvania law, sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Commonwealth v. Ferguson, 893 A.2d 735, 739 (Pa. Super. 2006). An abuse of discretion requires more than the showing of a mere error in judgment; rather an appellant must demonstrate that the trial court was manifestly unreasonable or exercised judgment that was the result of partiality, prejudice, bias, or ill-will. Commonwealth v. Griffin, 804 A.2d 1, 7 (Pa.

2

EX 2        23 of 32 pages

Super. 2002).

It is well settled in Pennsylvania that there is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002). Appellants must also demonstrate a substantial question by setting forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. Commonwealth v. Boyer, 856 A.2d 149, 152 (Pa. Super 2004). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Commonwealth v. Perry, 883 A.2d 599, 602 (Pa. Super. 2005). However, a substantial question requires something more than alleging the failure to consider a mitigating circumstance or excessiveness. See Ladamus, 896 A.2d at 595. See also, Commonwealth v. Cannon, 954 A.2d 1222, 1229 (Pa. Super. 2008) (A claim of inadequate consideration of mitigating circumstances does not raise a substantial question for review). Likewise, merely alleging that the sentence was unreasonable because it was outside the guidelines does not establish a substantial question. Commonwealth v. Johnson, 873 A.2d 704, 708 (Pa. Super. 2005). See also, 42 Pa.C.S. §9781(c)(3).

A defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. Commonwealth v. Dodge, 77 A.3d 1263 (Pa. Super. 2013); *See also* Commonwealth v. Moury, 992 A.2d 162, 171–172 (Pa.Super.2010). The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and

3

Ex 3.    24 of 32 pages

the length of imprisonment. Id.; *See also* Commonwealth v. Gonzalez–Dejusus, 994 A.2d 595 (Pa.Super.2010).

The Appellant in the present case has failed to present a substantial question that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. The aggregate sentence here is not unduly harsh considering the nature of the crimes that Appellant committed. The Appellant here has simply made a bald claim of excessiveness due to the consecutive nature of a sentence which the Court in Dodge stated will not raise a substantial question.

Even if the merits of the Appellant's sentencing contentions are considered, the Appellant fails to demonstrate that there was an abuse of discretion in imposing consecutive sentences totaling 26 to 52 years incarceration. Here, the Court considered the sentencing guidelines in imposing the Appellant's sentence and imposed mitigating sentences on the Attempted Murder and Unlawful Restraint counts on the low end of the standard range under the sentencing guidelines and imposed the sentences consecutively. The Court had the benefit of a presentence investigation and weighed all sentencing factors in imposing sentence. The sentencing provision of 42 Pa.C.S. § 9721(b) provides in pertinent part, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Here, the Court stated the reasons for the consecutive sentences for Appellant as the nature of the crimes, shooting not one but two victims. One was his wife whom he held in the basement of their home then shot her five times while their children were upstairs and then he went to the other victim's home and shot him in the face. The Court stated that it was very significant that after committing the one crime against

4

Ex 4.    25 of 32 pages

his wife, the Appellant went and sought out the other victim. (N.T., 6/12/15, pg. 52).  The Court also listened to both victims' testimony of their extensive injuries and how it impacted their lives. Appellant's argument that the Court failed to adequately examine and investigate Appellant's background, character, and rehabilitative needs, and failed to properly take into account Appellant's acceptance of responsibility and expressions of remorse is contradicted by the record.  Besides reviewing the presentence investigation, the Court listened to testimony from four character witnesses who spoke on Appellant's behalf including Appellant's sister, brother, and his daughter, as well as listening to the Appellant himself.  The Court stated that it had to balance all that was said and the fact that Appellant accepted responsibility and made life easier on the victims by pleading guilty with the severity of the crimes and the serious bodily injury Appellant caused both of the victims.  (N.T., 6/12/15, pgs. 49-52).  The Court specifically stated on the record before sentencing Appellant "balancing that, I think that the appropriate sentence in your [Appellant's] case is to take off a little bit of that front time but to give you consecutive sentences." (N.T., 6/12/15, pg. 52).  Therefore, the Court sentenced the Appellant on the low end of the standard range under the sentencing guidelines on Attempted Murder and Unlawful Restraint counts but imposed the sentences consecutively.

**CONCLUSION**

For the foregoing reasons, the Court's judgment of sentence of the Appellant should be affirmed.

BY THE COURT:

_Diana L. Anhalt_

DIANA ANHALT, J.

February 29, 2016

5

EX 5.    26 of 32 Pages

## PROOF OF SERVICE

I hereby certify that on the date set forth below, I caused an original copy

of the Judicial Opinion to be served upon the persons at the following locations, which

service satisfies the requirements of Pa. R.A.P. 122:

Alexander C. Blumenthal, Esquire
Karl Baker, Esquire
1441 Sansom Street
Philadelphia, PA 19102

Hugh Burns, Esquire
Philadelphia District Attorneys Office
Three South Penn Square
Philadelphia, PA 19107

Date: 2/29/16

By: *Diana L. Anhalt*
Diana Anhalt, Judge

6

L X L                          27 of 32 pages

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

APR 24 2020

**Docket Number: CP-51-CR-0007927-2014**

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania
v.
David Harrington

Page 4 of 9

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event Sequence/Description Sentencing Judge Sentence/Diversion Program Type Sentence Conditions | Disposition Date Offense Disposition Sentence Date Incarceration/Diversionary Period | Final Disposition Grade Section Credit For Time Served Start Date |
|---|---|---|
| 3 / Simple Assault | Nolle Prossed | M2  18 § 2701 §§ A |
| Anhalt, Diana L. | 06/12/2015 | |
| 4 / Recklessly Endangering Another Person | Nolle Prossed | M2  18 § 2705 |
| Anhalt, Diana L. | 06/12/2015 | |
| 5 / Poss Instrument Of Crime W/Int | Guilty Plea - Non-Negotiated | M1  18 § 907 §§ A |
| Anhalt, Diana L. | 06/12/2015 | |
| No Further Penalty | | |

## COMMONWEALTH INFORMATION | ATTORNEY INFORMATION

| | |
|---|---|
| **Name:** Philadelphia County District Attorney's Office Prosecutor | **Name:** Defender Association of Philadelphia Public Defender |
| Supreme Court No: | Supreme Court No: |
| Phone Number(s): | **Rep. Status:** Active |
| 215-686-8000 (Phone) | Phone Number(s): |
| Address: | Address: |
| 3 South Penn Square | |
| Philadelphia, PA 19107 | |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 07/10/2014 | | Court of Common Pleas - Philadelphia County |
| Held for Court | | | |
| 1 | 07/15/2014 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 1 | 08/26/2014 | | Butchart, Ann |
| Order Granting Motion for Continuance | | | |

Defense request for further negotiations.
Time Ruled Excludable.
Pretrial bring back scheduled for 9/16/14 Room 1005

Judge Ann Butchart : ADA David Simon : PD Jonathan Strange : DRT Alexa Brown : Clerk Adrian Baule
(Custody - CFCF)

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

28 of 32 pages

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0007927-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David Harrington

Page 5 of 9

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 09/16/2014 | | Woelpper, Donna |

Pre-Trial Conference Held

Offer rejected.
Listed for Scheduling Conference on 10/2/14 Room 801

Judge Donna Woelpper : ADA Jessalyn Gillum : PD Jonathan Strange : DRT Joe Kearney : Clerk Adrian Baule
(Custody - CFCF)

| 5 | 10/02/2014 | | Anhalt, Diana L. |
|---|---|---|---|

Order Granting Motion for Continuance

Case Listed Today for Scheduling Conference
Discovery Complete
Motions:01/16/2015
Trial Date:06/01/2015
Court Room:801

ADA: Kemp  Defense Atty:Strange (PD)  Steno:Noelle Landis  Clerk:L.Fischer  Hon. Anhalt

Defendant in Custody, CFCF.

| D1/1 | 01/08/2015 | | Harrington, David |
|---|---|---|---|

Pro Se Correspondence

| 1 | 01/16/2015 | | Anhalt, Diana L. |
|---|---|---|---|

Order Granting Motion for Continuance

Case Listed for Motions and Possible Plea
Defendant Jury Demands
Trial Date Remains
Court Orders Forthwith Mental Health Evaluation
Next Court Date:06/01/2015
Court Room:801

ADA: Jess Gillum  Defense Atty:J. Strange (PD)  Steno:C.Staranowicz  Clerk:L.Fischer  Hon. Anhalt

Defendant in Custody, CFCF.

CPCMS 9082

Printed: 02/17/2016

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET

**Docket Number: CP-51-CR-0007927-2014**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David  Harrington

Page 6 of 9

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/10/2015 | | Anhalt, Diana L. |

Order Granting Motion for Continuance

Case Listed Today for Motions
Defendant Read his Speech
Trial Date Remains:06/01/2015
Court Room:801

ADA:Jess Gillum    Defense Atty:J. Strange (PD) Steno:Sam Rios  Clerk:L.Fischer  Hon. Anhalt

Defendant in Custody, CFCF.

| 2 | 03/17/2015 | | CP Courtroom Operations |
|---|---|---|---|

Trial Continued

| D2/1 | 04/10/2015 | | Anhalt, Diana L. |
|---|---|---|---|

Guilty Plea - Non-Negotiated

Open  Guilty  Plea  to  Attempted  Murder,  Agg  Assault  and  PIC.  All  Others  Nolle  Prossed.  Bail  is  Revoked.Presentence  investigation  and  mental  health  evaluation  ordered.Continued  for  Sentencing:06/12/15  RM 801.ADA:J. Gillum  Defense Atty: J. Strange(PD) Steno:Sam Rios  Clerk:L.Fischer Hon. Anhalt

| 4 | 04/10/2015 | | Anhalt, Diana L. |
|---|---|---|---|

Order Granting Motion to Revoke/Release and Forfeit Bail - Harrington, David

| D3/1 | 05/20/2015 | | Anhalt, Diana L. |
|---|---|---|---|

Order Granting Motion to Release Medical Records

| D4/1 | 06/12/2015 | | Defender Association of Philadelphia |
|---|---|---|---|

Memorandum for Sentencing

| D5/2 | 06/12/2015 | | Anhalt, Diana L. |
|---|---|---|---|

Order - Sentence/Penalty Imposed

Sentence: Attempted  Murder:  12 1/2 to  25 years  state  custody.credit  time  served.  RRRI  ineligible.  agg  Assault  Merged  with  Attempted  Murder.  PIC.  NO  Further  Penalty.ADA: Jess  Gillum    Defense Atty:  John  Strange  (PD)  Steno:Carl Sokolski Clerk:L.Fischer Hon. Anhalt

| 3 | 06/12/2015 | | Court of Common Pleas - Philadelphia County |
|---|---|---|---|

Penalty Assessed

CPCMS 9082

Printed: 02/17/2016

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial
System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed
data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can
only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record
Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: CP-51-CR-0007927-2014**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania
v.
David  Harrington

Page 7 of 9

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 06/12/2015 | | Court of Common Pleas - Philadelphia County |

Court Commitment State or County Correctional Institution

| D6/1 | 06/22/2015 | | Defender Association of Philadelphia |
|---|---|---|---|

Motion for Reconsideration of Sentence
  Motion for Reconsideration of Sentence filed on behalf of Harrington, David.

| D7/2 | 06/22/2015 | | Harrington, David |
|---|---|---|---|

Receipt of Filing from Represented Defendant Not Signed by Attorney

| D8/3 | 06/22/2015 | | Harrington, David |
|---|---|---|---|

Pro Se Correspondence

| D9/1 | 07/16/2015 | | Anhalt, Diana L. |
|---|---|---|---|

Order Denying Post-Sentence Motion
   DENIED without a hearing.

| D10/1 | 07/20/2015 | | Defender Association of Philadelphia |
|---|---|---|---|

Notice of Appeal to the Superior Court
   Notice of Appeal to the Superior Court filed on behalf of Harrington, David.
   JOS  J. Anhalt
   File LOCATED
   copy sent to court reporters

| D11/D11A/1 | 07/31/2015 | | Anhalt, Diana L. |
|---|---|---|---|

Order Issued Pursant to Pa.R.A.P. 1925(b)
Defender Association of Philadelphia
   07/31/2015          First Class
Philadelphia County District Attorney's
Office
   07/31/2015          First Class

| 1 | 08/06/2015 | | Court of Common Pleas - Philadelphia County |
|---|---|---|---|

Preliminary Docket Entries Prepared

CPCMS 9082                                                          Printed: 02/17/2016

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



31 of 32 pages

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

**DOCKET**



Docket Number: CP-51-CR-0007927-2014

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

David  Harrington

Page 8 of 9

**ENTRIES**

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 08/06/2015 | | Court of Common Pleas - Philadelphia County |

Transcript of Proceedings Filed

4-10-15 (GP VOL. 1), 6-12-15 (SENT. VOL. 1- DEFERRED SENT. HEAR.) & 1- ENV. OF EXH.

| D12/1 | 09/14/2015 | | Defender Association of Philadelphia |

Statement of Matters Complained on Appeal

Statement of Errors Complained on Appeal filed on behalf of Harrington, David.

| D13/1 | 11/13/2015 | | Anhalt, Diana L. |

Order Issued Pursant to Pa.R.A.P. 1925(b)

ON THIS 13TH DAY OF NOV., 2015, THE COURT GRANTS THE DEF PET. TO FILE A STATEMENT OF ERRORS COMPL. OF ON APPEAL NUNC PRO TUNC, AND ORDERS THAT THE SEPT. 14, 2015 STATEMENT OF ERRORS COMPL. OF ON APPEAL IS TIMELY FILED.

Printed: 02/17/2016

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

David Harrington
MB0630-RA1007
SCI Phoenix
PO Box 244
Collegeville PA 19436

Marcia M Walden court clerk
United States District Court
US Court House, Room 2400
601 Market Street
Philadelphia PA 19106

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL



U.S.M.S.
X-RAY