UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

DAVID HARRINGTON,
Appellant

          \*
          \*
          Case No. 2:20-cv-02076-KSM
          \*

V.

          C.A. No. 24-2231
          \*
          Notice Of Appeal

HOUTZDALE SCI; et al.,
Respondent(s)

          \*
          \*

**NOTICE OF APPEAL
NUNC PRO TUNC**

AND NOW, COMES, David Harrington, Pro Se Petitioner, In The Above Notice Of Appeal, Nunc Pro Tunc, And Avers The following:

1. Petitioner received notice for possible dismissal due to a jurisdictional defect dated November 1, 2024.

2. Petitioner is Pro Se, and does not fully understand this notice, and sent a "motion to clarify" and extension of time on 11/15/24.

3. Petitioner asks this court to excuse the confusion, as I thought I did give "notice of appeal" per my request for C.O.A.

4. Petitioner is hereby giving notice of appeal (Nunc Pro Tunc), per the rules Fed. R. App. P. 4(a)(1)(A), et sec., et al., Thus, Formally appeal to the United States Court of Appeal for the Third (3rd.) Circuit, from the final judgment, and R&R of 6/26/23, and petitioners timely objection(s). See attached R&R, and order after objections.

CC/FILE

DATE: ~~November 27, 2024~~ DH
December 4, 2024

Respectfully Submitted,

David Harrington
David Harrington-MB-0630, pro se

## CERTIFICATE OF SERVICE

I David Harrington, Pro Se Petitioner, do hereby certify that I have caused on this ~~27th.~~ 4th day of ~~November,~~ December 2024, to have caused to be served a true and correct copy of the forthwith [Notice Of Appeal Nunc Pro Tunc to the 3rd. Circuit of Appeals], and related documents, to the Eastern District Court of Pennsylvania per the rules of appellate procedure 4 et sec., et al., to the following partie(s), and in the manner indicated below:

U.S. MAIL, POSTAGE PREPAID & THE U.S. FEDERAL PRISON MAIL BOX RULE

1. United States District Court
   Eastern District of Pennsylvania    sent 11/31/24
   Office of the Clerk
   Philadelphia, PA. 19106-9865

(1) Copy

2. United States Court of Appeals (3rd. Circuit)
   Office of the Clerk
   21400 United States Courthouse
   601 Market Street
   Philadelphia, PA. 19106-1790

(1) Copy

CC/File

Respectfully Submitted,

David Harrington-MB0830, pro se

*My copy*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HARRINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BARRY SMITH, *et al.* | : | NO. 20-2076 |

## ORDER

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Second Amended Petition for a Writ of Habeas Corpus, the Commonwealth's Response thereto, Petitioner's Reply, the other documents filed by the parties, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**.

2. The Petition for a Writ of Habeas Corpus is **DISMISSED** and **DENIED**.

3. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of his claims. Consequently, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**BY THE COURT:**

_____
Karen S. Marston, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID HARRINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BARRY SMITH, *et al.* | : | NO. 20-2076 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                    June 26, 2023

Presently before the court is a Petition for Writ of Habeas Corpus filed by David Harrington

("Petitioner"), *pro se,* pursuant to 28 U.S.C. § 2254. Petitioner, who is currently serving a term of

incarceration of twenty-six to fifty-two years at the State Correctional Institution – Houtzdale,

seeks habeas relief based upon claims of ineffective assistance of counsel. The Honorable Karen

S. Marston referred this matter to the undersigned for preparation of a Report and

Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is

recommended that Petitioner not be afforded habeas relief.

## I.      FACTUAL AND PROCEDURAL HISTORY[1]

At his April 10, 2015 guilty plea hearing, Petitioner admitted to the following facts. On

May 14, 2014 at approximately 11:30 p.m., Petitioner was at home and led his wife, Michelle

Harrington, down to the basement of their home at gunpoint. N.T. 4/12/15 at 6-7. Once there, he

shot his wife five times, thrice in the face and twice in the chest. *Id.* at 7. Petitioner instructed his

children to go to a neighbor's house, left his wife bleeding in the basement, and drove to the home

of Derrick Morris. *Id.* Upon arrival, he shot Mr. Morris once in the eye. *Id.* Next, Petitioner

drove to a bridge in West Philadelphia, discarded the gun and proceeded to a police station, where

---

[1] The facts set forth in this background and procedural history were gleaned from the Petition for Writ of Habeas
Corpus, the Commonwealth's Response thereto, the state court transcripts, and the state court decisions.

he surrendered and provided a full confession. *Id.* at 7-8. Both victims survived the shootings. *Id.* at 8.

In court, Petitioner admitted that he had reviewed the written guilty plea colloquy form with his attorney and, after consulting with his attorney, understood its contents. N.T. 4/12/15 at 10. He was informed that the maximum aggregate sentences were 65 years as to Mr. Morris and 87 years for the offenses against his wife. *Id.* at 9-10. Petitioner acknowledged that his guilty plea was knowing, intelligent and voluntary. *Id.* at 11. He then pled guilty to attempted murder, aggravated assault, and possession of an instrument of crime, with respect to shooting Mr. Morris. *Id.* at 12. Petitioner also pled guilty to attempted murder, aggravated assault, unlawful restraint, three counts of violation of the Uniform Firearms Act, and making terroristic threats, with respect to shooting his wife. *Id.* at 12-14.

On June 12, 2015, Petitioner attended his sentencing hearing. His wife and Mr. Morris testified, at length, about their physical injuries as well as the ongoing mental anguish they suffer as a result of being shot by Petitioner. N.T. 6/12/15 at 9-22. Mrs. Harrington provided additional details about the crime itself. *Id.* at 12-15. Petitioner's attorney advocated for an aggregate sentence of no more than fifteen to thirty years of incarceration. *Id.* at 24. According to his understanding, the mitigated state sentencing guideline range for the crimes against each victim was fifteen to thirty years; hence, counsel asked that the court impose concurrent mitigated sentences. *Id.* at 24-25. Counsel stated why he believed mitigation was appropriate: Petitioner promptly accepted responsibility; had significant mental health problems; and was 52 years old. *Id.* at 24-29. Petitioner's sister Brenda, brother Stanley, adult daughter Monique, and pastor testified on his behalf. *Id.* at 30-38, 42-45. All advocated for mercy, so that he might be able to maintain some relationship with his children. Petitioner also testified, expressing remorse for what

he had done to the victims and to his children. *Id.* at 45-48. After considering all the testimony, the trial judge imposed consecutive twelve and one-half to twenty-five-year sentences for each count of attempted murder. *Id.* at 52. Together with other sentences on the other offenses, Petitioner's aggregate term of incarceration was twenty-six to fifty-two years. *Id.* at 53.

Petitioner appealed, challenging the discretionary aspects of his sentence. *Commonwealth v. Harrington*, No. 2211 EDA 2015, 2017 WL 2116951, *2 (Pa. Super. Ct. May 15, 2017) ("*Harrington I*"). The Superior Court explained, contrary to the trial court's view, that the mitigated range for each count of attempted murder was sixteen and one-half to thirty-three years. *Id.* at *3. Because Petitioner's sentence for each count was below that, it could not be unreasonable. *Id.* The court also concluded that there was nothing unreasonable about the overall length of the sentence, even though, due to Petitioner's advanced age at the time of sentencing (52), it was effectively a life sentence. *Id.* Petitioner did not seek *allocatur* in the Pennsylvania Supreme Court. *Commonwealth v. Harrington*, Nos. 1028, 1029 EDA 2020, 2021 WL 1828486, *2 (Pa. Super. Ct. May 7, 2021) ("*Harrington II*").

Petitioner filed a Post Conviction Relief Act ("PCRA") petition, on February 16, 2018. *Harrington II,* at *2. Appointed counsel filed an amended petition, on November 1, 2019, claiming that the plea was unlawfully induced and trial counsel was ineffective for allowing Petitioner to enter an involuntary and unknowing plea. *Id.* After the conclusion of a March 6, 2020 evidentiary hearing, at which Petitioner and trial counsel testified, the PCRA court denied relief. *Id.*

On appeal, Petitioner claimed that trial counsel was ineffective for causing him to enter an unknowing and involuntary guilty plea because counsel: (1) never explained, or asked Petitioner if he understood, the nature of the crimes to which he would plead guilty; (2) never told Petitioner the sentences for each offense could be consecutive and, instead led him to believe the maximum

3

sentence would be ten to twenty years; and (3) failed to inform Petitioner that, based upon his history of serious mental health problems, Petitioner could have argued diminished capacity to eliminate the possibility of forming the specific intent to kill, thereby lowering the degree of murder from first to third. *Id.* at *2-*3.

The Superior Court found that the written guilty plea colloquy which Petitioner had signed belied his claims, because it stated he understood the nature of the charges, listed the rights he was giving up, indicated the permissible ranges of sentences, and acknowledged that he was entering the plea, knowingly, voluntarily, and intelligently. *Harrington II*, at *4. His signed plea colloquy also acknowledged that trial counsel had informed him of each element of each offense which the Commonwealth had to prove and that he could be incarcerated for up to sixty-five years. *Id.* Petitioner also attested that he was satisfied with the advice counsel had provided him. *Id.* At the oral plea colloquy, the court informed him and Petitioner acknowledged his right to a jury trial. *Id.* Petitioner further admitted that he had gone over the written colloquy with his attorney and was afforded to opportunity to ask questions about the colloquy until he understood. *Id.* Petitioner reiterated his satisfaction with counsel's advice. *Id.* The Superior Court reviewed the PCRA hearing transcript, which focused on whether trial counsel had induced the plea by promising Petitioner that his sentence would only be ten to twenty years. *Id.* at *4-*6. The intermediate appellate court agreed with the PCRA court that counsel made no such promise and determined that Petitioner's plea was knowing, intelligent and voluntary. *Id.* at *5-*6. Hence, the court found no merit to the claim that trial counsel was ineffective. *Id.* at *6. The Pennsylvania Supreme Court denied *allocatur*, on September 20, 2021. *Commonwealth v. Harrington*, 263 A.3d 545 (Pa. 2021) (Table).

Petitioner filed his habeas petition, on April 29, 2020 and amended it, on August 14, 2020.

On January 25, 2021, this court stayed the habeas petition, because his PCRA appeal was still pending. Once his PCRA appeal ended, on October 7, 2022, Petitioner filed a second amended petition, claiming that trial counsel was ineffective for failing to: (1) insure that, prior to pleading guilty, he and the trial court had adequately apprised Petitioner of the consequences of pleading guilty, Second Am. Pet. at 6; (2) challenge the sufficiency of the bills of information, *id.* at 8; (3) protect Petitioner by raising available mental health defenses to the criminal charges, *id.* at 9; and (4) ensure that the sentencing court applied all relevant sentencing factors when calculating Petitioner's aggregate sentence. *Id.* at 11.

The Commonwealth responds that claims two and four are unexhausted and procedurally defaulted and claims one and three were reasonably rejected by the state court.[2] Resp. at 6-13. This court finds that claims two and four are procedurally defaulted and claims one and three were reasonably rejected by the state court.

## II.    DISCUSSION

### A.    Exhaustion and Procedural Default Principles

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of a May 9, 2000 order of the Pennsylvania Supreme Court, it is no longer necessary for Pennsylvania inmates to seek *allocatur* from the Pennsylvania Supreme Court in order to exhaust state remedies. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir.

---

[2] The Commonwealth also cites Petitioner's Amended Petition to contain two additional claims. Resp. at 4. However, the Second Amended Petition controls and it does not contain those claims. In any event, Petitioner has conceded that those claims are based upon state law and, hence, not cognizable. Reply at 2. Accordingly, the court need not address them.

2004).

If a habeas petitioner has presented his claim to the state courts, but the state courts have declined to review the claim on its merits, because the petitioner failed to comply with a state rule of procedure when presenting the claim, the claim is procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 262-63 (1989). When a state court has declined to review a claim based on a procedural default and the claim is not later addressed on the merits by a higher court, the habeas court must presume that the higher state court's decision rests on the procedural default identified by the lower state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Finally, when a habeas petitioner has failed to exhaust a claim and it is clear that the state courts would not consider the claim because of a state procedural rule, the claim is procedurally defaulted.[3] *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Procedurally defaulted claims cannot be reviewed unless "the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In order to demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the state's procedural rule." *Id.* at 753 (citation omitted). Examples of suitable cause include: (1) a showing that the factual or legal basis for a claim was not reasonably available; (2) a showing that some interference by state officials made compliance with the state procedural rule impracticable; (3) attorney error that constitutes ineffective assistance of counsel. *Id.* at 753-54. The Supreme Court has also held that, in states where claims of ineffective assistance of trial counsel may not be raised

---

[3] A common reason the state courts would decline to review a claim that has not been presented previously is the expiration of the statute of limitations for state collateral review. *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001).

6

on direct appeal and must be deferred to a collateral attack on a conviction, ineffective assistance of state post-conviction counsel may provide cause to excuse the default of claims of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

The fundamental miscarriage of justice exception is limited to cases of "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995). In order to demonstrate that he is "actually innocent," the petitioner must present new, reliable evidence of his innocence that was not presented at trial.[4] *Id.* at 316-17, 324. The court must consider the evidence of innocence presented along with all the evidence in the record, even that which was excluded or unavailable at trial. *Id.* at 327-28. Once all this evidence is considered, the petitioner's defaulted claims can only be reviewed if the court is satisfied "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

### 1. Petitioner Concedes that Claims Two and Four are Procedurally Defaulted

Petitioner asserts that all of his claims are procedurally defaulted and cites ineffective assistance of PCRA counsel as cause to excuse the defaults.[5] Second Am. Pet. at 6, 8-9, 11; Pet'r Mem. of Law at 27, 34, 45-50, 58. However, this court notes that the PCRA court held an evidentiary hearing to determine if trial counsel induced Petitioner's guilty plea by promising him a sentence of ten to twenty years; at the end of that hearing, the court rejected that claim, as well as the substance of the remainder of claims one and three. N.T. 3/6/20 at 39-40. The Superior Court affirmed the PCRA court's decision. *Harrington II*, at *5-*6. Hence, claims one and three are exhausted. *Lambert*, 387 F.3d at 233-34. On the other hand, as Petitioner concedes, claims two and four were not raised in the PCRA petition or appeal. Hence, they are unexhausted,

---

[4] This evidence need not be directly related to the habeas claims the petitioner is presenting, because the habeas claims themselves need not demonstrate that he is innocent. *See Schlup*, 513 U.S. at 315.

[5] Petitioner does not argue that he is actually innocent, which he could not since he has consistently admitted that he shot both victims.

7

*Lambert*, 387 F.3d at 233-34, and, since the time to exhaust them has expired,[6] procedurally defaulted. *Keller*, 251 F.3d at 415. Petitioner relies upon the ineffective assistance of PCRA counsel to excuse these defaults. Second Am. Pet. at 8-9, 11.

## 2. *Martinez* Does Not Excuse Petitioner's Defaults

Petitioner asserts that PCRA counsel's ineffective assistance excuses the default of his claims. The Third Circuit has elaborated on how to apply *Martinez*. First, Petitioner must demonstrate that the defaulted claim of trial counsel's alleged ineffective assistance has "some merit." *Workman v. Supt. Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019). To do so, Petitioner must show that reasonable jurists could debate whether the claim should be resolved in a different manner, or that the issue presented was adequate to deserve encouragement to proceed further. *Id.* at 938. This is less demanding than the standard to obtain relief under *Strickland v. Washington*, 466 U.S. 668 (1984). *Workman*, 915 F.3d at 938. Next, Petitioner must demonstrate that PCRA counsel rendered ineffective assistance by omitting the defaulted claim. *Id.* In order to do that, in the special circumstances required to excuse a default, Petitioner needs to show that PCRA counsel's performance was deficient, under the *Strickland* standard, and the omitted claim had some merit. *Id.* at 941.

### a. Claim Two

Petitioner asserts that trial counsel rendered ineffective assistance because he failed to challenge the sufficiency of the bills of information. To excuse the default of this claim, Petitioner must demonstrate that PCRA counsel's performance was deficient in omitting this claim and that the claim had some merit. *Workman*, 915 F.3d at 941. Petitioner has not shown that PCRA

---

[6] Since Petitioner did not seek *allocatur* on direct appeal, his conviction became final thirty days, Pa. R. App. P. 1113(a), after the Superior Court affirmed his conviction and sentence on direct appeal. 42 Pa. Cons. Stat. Ann. § 9545(b)(3). That date was June 14, 2017. Hence, the PCRA statute of limitations for his ineffective assistance claims expired one year later, on June 14, 2018. 42 Pa. Cons. Stat. Ann. § 9545(b)(1).

counsel's performance was deficient; that alone is enough to prevent excusing the default. *Id.* Unlike in *Workman*, the claim PCRA counsel pursued – trial counsel was ineffective for promising Petitioner a term of ten to twenty years and made other errors in advising Petitioner about the consequences of his plea and the defenses he may have had to the charges – was not "nonsensical," such that the state court could not even understand it. *Id.* at 942-42. Instead, the argument PCRA counsel presented was cogent enough that an evidentiary hearing was afforded. Since there is a strong presumption under *Strickland*, that an attorney's decision to pursue certain claims instead of others is a tactical one, and the claim PCRA counsel pursued was sensible, albeit unsuccessful, there is not room to find his performance was deficient.

### b. Claim Four

Petitioner claims that trial counsel rendered ineffective assistance, because he failed to ensure that the sentencing court applied all relevant sentencing factors when deciding upon Petitioner's aggregate sentence. Petitioner cannot excuse the default of this claim. First, since PCRA counsel presented a cogent claim in PCRA proceedings, his performance was not deficient. Moreover, the sentencing hearing demonstrates that the trial court considered many relevant factors when sentencing Petitioner, including his prompt admission of guilt, the harm he caused to the victims, the sentence that could have been imposed had either victim died, and the harm a long incarceration would cause to his children. N.T. 6/12/15 at 48-53. This court does not find "some merit" to the claim that trial counsel was ineffective in failing to ensure that the trial court considered all relevant sentencing factors.

### B.    The AEDPA Standard

Any claims denied on the merits by the state courts must be reviewed under the deferential standard established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

9

which provides that habeas relief is precluded, unless the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The habeas statute further provides that any findings of fact made by the state court must be presumed to be correct; Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court's adjudication of a claim is contrary to U.S. Supreme Court precedent, if the state court has applied a rule that contradicts the governing law set forth in Supreme Court precedent or if the state court confronts a set of facts which are materially indistinguishable from a decision of the Supreme Court and the state court arrives at a different result from the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The governing law consists of the holdings of Supreme Court decisions, not *dicta*. *Id.* at 412.

When determining whether a state court's decision was contrary to U.S. Supreme Court precedent, the habeas court should not be quick to attribute error. *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*). Instead, state court decisions should be "given the benefit of the doubt." *Id.* In this regard, it is not necessary that the state court cite the governing Supreme Court precedent or even be aware of the governing Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*). All that is required is that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Id.*

If, however, the state court correctly identifies the governing U.S. Supreme Court precedent, unreasonable application analysis, rather than contrary analysis, is appropriate.

*Williams*, 529 U.S. at 406. A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of the petitioner's case. *Id.* at 407-08.

In making the unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable. *Williams*, 529 U.S. at 409. The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect. *Id.* at 411. Indeed, so long as the state court's decision was reasonable, habeas relief is barred, even if state court's application of U.S. Supreme Court precedent was incorrect. *See Harrington v. Richter*, 562 U.S. 86, 101-02 (2011). Further, when applying § 2254(d)(1), the habeas court is limited to considering the factual record that was before the state court when it ruled, *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011), and the relevant U.S. Supreme Court precedent that had been decided by the date of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011).

It is permissible to consider the decisions of lower federal courts which have applied clearly established Supreme Court precedent, when deciding whether a state court's application of U.S. Supreme Court precedent was **reasonable**. *See Fischetti v. Johnson*, 384 F.3d 140, 149 (3d Cir. 2004). However, the § 2254(d)(1) bar to habeas relief cannot be surmounted solely based upon lower federal court precedent, *i.e.,* lower federal court precedent cannot justify a conclusion that a state court's application of U.S. Supreme Court precedent was **unreasonable**; only U.S. Supreme Court precedent may be the authority for that conclusion. *See Renico v. Lett*, 559 U.S. 766, 778-79 (2010).

The Supreme Court, addressing AEDPA's factual review provisions in *Miller-El v. Cockerell*, 537 U.S. 322 (2003), interpreted § 2254(d)(2) to mean that "a decision adjudicated on

11

the merits in a state court and based on a factual determination will not be overturned on factual grounds, unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* at 340. A clear example of an unreasonable factual determination occurs where the state court erroneously finds a fact that lacks any support in the record. *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). In that extreme circumstance, the presumption of correctness under § 2254(e)(1) is also clearly and convincingly rebutted. *Id.* If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is not barred by § 2254(d)(2). *Lambert,* 387 F.3d at 235.

### 1. Federal Ineffective Assistance Standard

Federal habeas ineffective assistance of counsel claims are evaluated by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted).

Second, the petitioner must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687. That is, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A

reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, but it is less than a preponderance of the evidence. *Id.* at 693, 694.

If the petitioner fails to satisfy either prong of the *Strickland* test, there is no need to evaluate the other part, as his claim will fail. *Id.* at 697. Further, counsel will not be found ineffective for failing to present an unmeritorious claim or objection. *Johnson v. Tennis*, 549 F.3d 296, 301 (3d Cir. 2008).

## 2.  Claims One and Three were Reasonably Rejected by the State Court

Petitioner argues that trial counsel rendered ineffective assistance by promising him a maximum sentence of ten to twenty years and providing inadequate advice about the consequences of pleading guilty, including failing to advise him of potential defenses to the criminal charges. Second Am. Pet. at 6, 9. These are claims one and three, which the Superior Court addressed together on PCRA appeal. *Harrington II*, at *2-*3. Since the Superior Court addressed them together, this court will as well.

The PCRA court and the Superior Court rejected the assertion that trial counsel promised Petitioner a sentence of ten to twenty years, crediting trial counsel's testimony over that of Petitioner. *Harrington II*, at *5. Petitioner has not rebutted the presumption of correctness that attaches to this credibility determination. *See* 28 U.S.C. § 2254(e)(1). Since this court must accept this state court fact-finding, it is obliged to reject Petitioner's claim that trial counsel ineffectively promised him a sentence of ten to twenty years.

Next, the Superior Court noted that the written plea colloquy, which Petitioner attested to having reviewed at his oral plea colloquy, adequately apprised him of the elements of each charged offense and the permissible sentences. *Harrington II*, at *5. This was enough to render Petitioner's plea knowing, intelligent and voluntary. *Id.* The state court also held that trial counsel's actions

13

were reasonably designed to effectuate Petitioner's interests. *Id.* at \*6.

The Superior Court's decision was reasonable. As that court noted, the record contains evidence which indicates Petitioner was informed of all relevant consequences before pleading guilty. Furthermore, Petitioner confessed to serious offenses that mandated a lengthy sentence. Based upon this record, it was reasonable for the state court to conclude that trial counsel's performance was not deficient under the *Strickland* standard, because he tried to effectuate his client's interests in extremely difficult circumstances. That is sufficient to sustain the state court's decision. *See Strickland*, 466 U.S. at 697.

### III.    CONCLUSION

Petitioner's second and fourth claims are procedurally defaulted and his first and third claims were reasonably rejected by the state courts. Reasonable jurists would not debate this court's dispositions of Petitioner's claims; therefore, a certificate of appealability should not issue for any claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## RECOMMENDATION

**AND NOW**, this 26th day of June 2023, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that all of Petitioner's claims be **DISMISSED** or **DENIED,** without an evidentiary hearing. Petitioner has not demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
United States Magistrate Judge

15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

6/26/2023

RE:        HARRINGTON v. SMITH et al

CA No.:    20-cv-2076

## NOTICE

Enclosed please find a copy of the Report and Recommendation filed by United States Magistrate Judge Carol Sandra Moore Wells on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file with the clerk and serve upon all other parties' written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

**GEORGE WYLESOL**
Clerk of Court

By:  s/Michele Helmer
      Michele Helmer, Deputy Clerk

civ623.frm (11/07)

MB0630 IB-12
209 institution Drive
PO Box 1000
Houtzdale, PA 16698-1000

United States court of Appeals (3rd circuit)
office of the clerk
21400 united states courthouse
601 market street
Philadelphia, PA 19106-1790





DEC 11 2024
U.S.C.A. 3rd. CIR.

*Legal Mail*

Case 2:20-cv-02076-KSM   Document 63   Filed 12/05/24   Page 20 of 22



INMATE MAIL
PA DEPT
OF CORRECTIONS

FIRST-CLASS MAIL
IMI
$002.31
U.S POSTAGE

nited States court of Appeals (3rd circuit)
ffice of the clerk
1400 united States court house
01 Market Street
hiladelphia. PA 19106-1790

DEC 11 2024
U.S.C.A. 3rd. CIR

U.S.M.S.
X-RAY

SCI-Houtzdale
David Harrington
MB0630 IB-12
209 institution Drive
PO Box 1000
Houtzdale, PA 16698-1000

INMATE MAIL
PA DEPT
OF CORRECTIONS

quadient
FIRST-CLASS MAIL
IMI
$002.31
12/05/2024  ZIP 16698
043M32207228
US POSTAGE

United States Court of Appeals (3rd circuit)
office of the Clerk
21400 United States Court house
601 Market street
Philadelphia. PA 19106-1790

DEC 1 1 2024
U.S.C.A. 3rd. CIR

U.S.M.S.
X-RAY

*Legal Mail*